# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM T. FYFFE,** | |
| **Plaintiff,** | |
| v. | Case No. 3:24-CV-2582-NJR |
| **BOEING COMPANY and JOHN DOE SNOW REMOVAL COMPANY,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William T. Fyffe ("Fyffe") initiated this action against The Boeing Company ("Boeing") in the Circuit Court for St. Clair County, Illinois, on November 7, 2024, alleging that he suffered injuries after slipping and falling on ice on the premises of Boeing's drone facility at MidAmerica Airport. (Doc. 1-1). On December 9, 2024, Boeing removed the action to federal court. (Doc. 1). Prior to its removal of the case, Boeing did not answer the Complaint in state court. (Doc. 6-3). After its removal, Boeing still did not answer or otherwise respond to Fyffe's Complaint within the time permitted by the Federal Rules of Civil Procedure. Thus, approximately 85 days after Boeing was served with the Complaint, Fyffe filed a Motion for Entry of Default and a request for hearing to determine damages. (Doc. 6). The Clerk of Court subsequently entered default against Boeing. (Doc. 8).

Boeing then filed a response to Plaintiff's Motion for Default (Doc. 7), a Motion to Set Aside Default (Doc. 10), and a Motion for Leave to File a Response to Fyffe's Complaint (Doc. 11). Boeing represents that its failure to timely respond to Fyffe's Complaint was the result of excusable neglect. Boeing states that after it removed the case, it began a due

diligence investigation into the party responsible for maintenance and control of the premises at the time of Fyffe's alleged fall. As it continued its investigation, Boeing inadvertently failed to timely respond to the Complaint.

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). A party wishing to have entry of default vacated prior to entry of a default judgment must show: (1) good cause; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of IL*, 473 F.3d 799, 810 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Damages disproportionate to the wrong afford good cause for judicial action, even [if] there is no good excuse for the defendant's inattention to the case."). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, where relief under Rule 60(b) is more "limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

While the Seventh Circuit no longer disfavors default judgments, it should not be "a ready response to all litigant misbehavior." *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995)). Instead, district courts should examine whether the defaulting party "exhibited a willful refusal to litigate the case properly," the "proportionality of the sanction" to the conduct, and the "choice of a default judgment over other available sanctions." *Id.* (citations omitted); *see also* 10A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2685 (1998) (courts should examine the dollar amount involved, the nature of the default, prejudice to the plaintiff, and whether the delay is excusable).

Here, Boeing has demonstrated that the entry of default should be set aside under Rule 55(c). First, Boeing states that counsel was investigating the party responsible for maintenance of the premises on which Fyffe allegedly fell when it inadvertently failed to respond to the Complaint. Far from ignoring the litigation, Boeing was taking active steps to determine its potential liability. Thus, the Court finds Boeing has demonstrated "good cause" for vacating the default. *See Comerica Bank*, 215 at 509 (district courts abuse their discretion when they enter default judgment knowing the litigant's default is the result primarily of his attorney's neglect). Second, Boeing acted quickly to correct the default. Fyffe moved for default on the afternoon of Friday, January 31, 2025. By the following Monday, Boeing had already filed its response to Fyffe's motion, a motion to set aside the entry of default, and a motion for leave to respond to the Complaint. Finally, Boeing has asserted the existence of a possibly meritorious defense, as it claims it is not the party responsible for maintenance and control of the premises at issue.

Because Boeing has fulfilled the requirements of Rule 55(c), the Court finds that the entry of default should be vacated. Accordingly, the Court **GRANTS** Boeing's Motion to Set Aside Default (Doc. 10) and **GRANTS** the Motion for Leave to File a Response to the Complaint (Doc. 11). Boeing shall file its Answer and Affirmative Defenses *instanter*.

Fyffe's request for a hearing to determine damages (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 6, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**