IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM T. FYFFE,<br><br>    Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY<br>and PARIC LLC,<br><br>    Defendants. | Case No. 3:24-CV-2582-NJR |

## ORDER OF REMAND

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Renewed Motion to Remand filed on November 25, 2025, by Plaintiff William T. Fyffe. (Doc. 36). Fyffe initiated this action in the Circuit Court for St. Clair County, Illinois, on November 7, 2024, alleging that he suffered injuries after slipping and falling on ice on the premises of Defendant The Boeing Company's drone facility at MidAmerica Airport. (Doc. 1-1). In addition to Boeing, Fyffe named John Doe Snow Removal Company as a defendant. (*Id.*).

On December 9, 2024, Boeing removed the action to this district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(b)(1). (Doc. 1). The Notice of Removal alleges that Fyffe is a citizen of Missouri, that Boeing is incorporated in Delaware with its principal place of business in Virginia, and that the amount in controversy, excluding interest and costs, exceeds $75,000. (*Id.*). Furthermore, Boeing asserted that the alleged Illinois citizenship of John Doe Removal Company should be disregarded under § 1441(b). *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded"). In sum, Boeing argued, complete diversity existed between the adverse

parties and the amount in controversy requirement was met. Thus, this Court enjoyed original subject matter jurisdiction over the action. The undersigned subsequently held a scheduling conference with the parties and entered a Scheduling and Discovery Order. (Docs. 18, 19).

The parties engaged in written discovery and, in answering Fyffe's interrogatories, Boeing alleged that Paric Corporation was the general contractor on the premises at the time of Fyffe's incident. (Doc. 21). Thus, Fyffe sought leave of court to amend his Complaint to name Paric LLC, f/k/a Paric Corporation, as a defendant in place of the John Doe Snow Removal Company. (*Id.*). The undersigned granted Fyffe's motion (Doc. 22), and the Amended Complaint was filed on May 20, 2025. (Doc. 23). Boeing answered the Amended Complaint and asserted a crossclaim against Paric LLC. (Doc. 26). Fyffe then filed a Second Amended Complaint on October 31, 2025, that more specifically alleged the citizenship of Paric LLC. (Doc. 35).

Fyffe now seeks to remand this case to state court because the addition of Paric LLC as a party destroys this Court's diversity jurisdiction. The Second Amended Complaint alleges that Fyffe is a citizen of Missouri, Boeing is a citizen of Delaware, and Paric LLC is a citizen of Missouri, as each member of the LLC is a Missouri citizen. Neither Boeing nor Paric filed a response to the motion to remand.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). Under § 1332, a federal district court has original subject matter jurisdiction over civil actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

The removing party, as the proponent of federal subject matter jurisdiction, has the burden of establishing the existence of jurisdiction by a preponderance of the evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Fyffe and Paric LLC are both Missouri citizens; therefore, this Court lacks subject matter jurisdiction over the case.

## Conclusion

For these reasons, the Renewed Motion to Remand (Doc. 36) filed by Plaintiff William T. Fyffe is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: December 29, 2025

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**